IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-cv-02031-LTB-MEH

JILL COIT,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
MIKE WILLIAMS,
WAYNE MAIDEN, and
JUANITA NOVAK,

    Defendants.

## ORDER DENYING REQUEST FOR RECUSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By motion, Plaintiff has requested that I recuse myself from this matter. Plaintiff argues that based on my previous employment, there exists a cognizable conflict of interest based on ties or previous representation of the Colorado Department of Corrections, Bureau of Prisons, prison guards, and/or office of the State of Colorado or federal agencies.

At no time have I ever represented any State or Local Agency for Colorado. Previous to my appointment to the federal bench, I was employed as the Chief of the Civil Division in the United States Attorney's Office, which is not involved as counsel for any of the parties in this case. In that capacity (through the end of 2005), I was the supervisor for every civil Assistant U.S. Attorney. The United States Attorney's Office represents only federal agencies or employees.

Pursuant to 28 U.S.C. § 455(b)(3), a Magistrate Judge shall disqualify himself under the following circumstances:

> Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

Some case law has construed Section 455(b)(3) as requiring recusal of former supervisory Assistant U.S. Attorneys for cases that were handled by such supervisors' subordinates while such supervisors held that office. Consistent with this case law, there appears no basis for recusal of myself from service in this matter.

Additionally, the court exercises discretion in deciding whether to recuse. *See generally Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987). Under § 455, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when the judge "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). Plaintiff has not shown a proper basis for recusal under either of these provisions.

Under § 455(a), the judge's subjective state of mind is irrelevant. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The test is objective: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. (further quotations omitted). Here, Plaintiff essentially speculates that based upon my previous employment, an inherent bias must exist. These statements are an insufficient basis for a recusal. *See Cooley*, 1 F.3d at 993-94 (rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters are not ordinarily sufficient to require a recusal). Further, nothing presented by the Plaintiff in her motion rises to a level of judicial bias or prejudice under § 455(b)(1). Plaintiff presents nothing more than broad and conclusory statements, with no well-pled facts, in support of her argument. Accordingly, Plaintiff's motion in this regard will be denied. *See United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (a judge has as strong a duty to sit when there is no

legitimate reason to recuse as he does to recuse when the law and facts require).

Based upon the foregoing, and the entire record herein, the Plaintiff's Motion to Move to Recuse Magistrate Judge Michael E. Hegarty [Filed October 30, 2006; Docket #535] is **denied**.

Dated at Denver, Colorado, this 1st day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge