IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-cv-02031-LTB-MEH

JILL COIT,

      Plaintiff,

v.

ARISTEDES ZAVARAS,
MIKE WILLIAMS,
WAYNE MAIDEN, and
JUANITA NOVAK,

      Defendants.

---

## RECOMMENDATION ON MOTION TO STRIKE AMENDED COMPLAINT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pursuant to Fed.R.Civ.P. 7(b)(1) and 15(a), the Defendants have filed a motion requesting that the Second Amended Complaint filed by the Plaintiff on September 12, 2006 (Docket #513) be stricken for failure to request permission prior to the filing of the amendment, and because the amendments are not permissible under the remand of this matter from the Court of Appeals for the Tenth Circuit. This case has been referred to me under the provisions of 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72 for the purposes contained therein. Despite being allowed an extension of time in which to do so (Docket #529), Plaintiff has not filed a response. Oral argument would not assist the Court in the resolution of this matter. Based upon the pleadings on file, and the entire record herein, it is hereby recommended that the Defendants' motion be **granted.**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or

recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de novo</u> determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

At the time of the filing of this action, Plaintiff was an inmate at the Colorado Women's Correctional Facility ("CWCF") in Canon City, Colorado.  Plaintiff is now incarcerated at the Denver Women's Correctional Facility ("DWCF"), following a transfer from CWCF in October, 2001.

On September 21, 1998, Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that various Defendants violated her rights under the United States Constitution (Docket #3).  The Complaint also made cursory reference to jurisdiction and authority for the claims pursuant to additional statutes, but no substantive support for the references was made.  Six claims were alleged within the Complaint, half of which were dismissed as legally frivolous upon initial review under 28 U.S.C. § 1915(e)(2)(B)  (Docket #11).

By Order, dated November 28, 2000 (Docket #104), Plaintiff was allowed to file an Amended Complaint, signed by the Plaintiff on January 21, 2000, and tendered to the court in February, 2000.  The Amended Complaint asserted five claims: (1) that Plaintiff's First Amendment right to freedom

2

of religion had been violated; (2) that her right of access to the courts had been violated; (3) that she had been harassed, discriminated against, and retaliated against in violation of her Eighth Amendment rights against cruel and unusual punishment; (4) that her Eighth Amendment rights had been violated by the deliberate indifference to her serious medical needs; and (5) a violation of her Eighth Amendment right to safety while incarcerated.

Claim II, alleging denial of access to the courts; Claim III, alleging that Plaintiff had been harassed, discriminated against, and retaliated against; and Claim IV, alleging deliberate indifference to serious medical needs, were all dismissed. The reasons for dismissal of these claims are clearly stated in the Recommendation filed on May 1, 2003 (Docket #323), and Order Adopting Recommendation, filed on May 28, 2003 (Docket #324). Thereafter, by Order on Report and Recommendation of December 10, 2004 (Docket #436), which adopted the Recommendation of November 4, 2004 (Docket #425), Plaintiff's two remaining claims were also dismissed. Plaintiff appealed the dismissal of her case. The Court of Appeals for the Tenth Circuit affirmed the judgments and orders of this Court, except with regard to the Plaintiff's claim that Defendants Zavaras, Williams, Maiden, and Novak were deliberately indifferent to her safety in regards to former Defendant Smith's alleged sexual assaults upon the Plaintiff (Docket #471). On that sole claim alone, the Tenth Circuit reversed dismissal and remanded it to this Court for further proceedings.

On September 12, 2006, Plaintiff filed the Second Amended Complaint which is the subject of the current motion before the Court, without any motion seeking permission to again amend her pleadings. In this document, the Plaintiff seeks to resurrect, *inter alia*, certain claims which were previously dismissed from this action, such as harassment and retaliation, and against at least one Defendant who has previously been dismissed, *i.e.*, Ron Steinbauch. Additionally, Plaintiff seeks to add claims under allegations of more recent prison conditions which she contend violate her

constitutional rights and against individuals who have not been previously named in this lawsuit, such as Dr. Nathan Pollack and Cathie Holst.

Because applicant is proceeding without counsel, the Court must construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## DISCUSSION

Plaintiff previously amended her complaint as a matter of course under Fed. R. Civ. P. 15(a), by the filing of her Amended Complaint in November, 2000. Accordingly, Plaintiff must seek leave of Court or consent of the Defendants to further amend her pleadings. *See* Fed.R.Civ.P. 15(a). *Pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff has filed a Second Amended Complaint, but has failed to either obtain the consent of the Defendants in this regard or properly request leave of Court, by filing a motion.

Additionally, even if the Plaintiff were to comply with the requirements of Rule 15(a), the Court should deny any request for leave to amend. Generally, leave to amend "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). Though courts are expected to heed this mandate, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the matter is still committed to the court's sound discretion, *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

> 'Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses,' but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Freeman v.*

*Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) (citation omitted)).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

A majority of the claims and allegations that the Plaintiff seeks to champion in her Second Amended Complaint are matters which have already been explicitly rejected by this Court and the dismissal of these claims has been upheld by the Tenth Circuit on appeal. All claims and allegations that Plaintiff's First Amendment right to freedom of religion have been violated, that her right of access to the courts has been violated, that she has been harassed, discriminated against, and retaliated against in violation of her Eighth Amendment rights against cruel and unusual punishment, and that her Eighth Amendment rights have been violated by the deliberate indifference to her serious medical needs which were contained in her Amended Complaint of November, 2000, have been dismissed. The Plaintiff has provided no authority under which they can be revived, particularly in light of the fact that the dismissal was upheld on appeal. In addition, Plaintiff's allegations of a violation of her Eighth Amendment right to safety while incarcerated were dismissed, except to the extent that Plaintiff claimed Defendants Zavaras, Williams, Maiden, and Novak were deliberately indifferent to her safety in regards to former Defendant Smith's alleged sexual assaults. Again, Plaintiff has supplied no authority under which any thing more than her very narrow remaining claim against these four Defendants can be revived.

With regard to the new matters that the Plaintiff seeks to add, "[amended pleadings] relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; [supplemental pleadings] deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings." 6A C. Wright, A. Miller &

M. Kane, FEDERAL PRACTICE AND PROCEDURE, § 1504.  Although leave to file a supplemental pleading is generally allowed, FEDERAL PRACTICE AND PROCEDURE, at § 1504, courts have denied leave where (1) new allegations related only indirectly, if at all, to the original complaint, (2) alleged constitutional deprivation arose out of entirely unrelated set of facts, and (2) new allegations related to new defendants not implicated in original complaint.  *See Nottingham v. Peoria*, 709 F.Supp. 542, 544-45 (M.D. Pa. 1988); *Hillard v. Scully*, 537 F.Supp. 1084, 1090 (S.D.N.Y. 1982); *Singleton v. Hoester*, 505 F.Supp. 54, 57-58 (E.D. Mo. 1980).  Plaintiff's amended pleading raises allegations of incidents arising subsequent to the filing of this action, and as such, could also be considered as an attempt at creating a supplemental pleading.  FED.R.CIV.P. 15(d) (events occurring since date of complaint are proper for inclusion in a supplemental pleading).

Some of the allegations set forth by the Plaintiff in her proposed Second Amended Complaint deal with activities which occurred in 2001 and 2004, and times in between and after.  These allegations assert constitutional deprivations arising out of facts entirely or in part are unrelated to the sole remaining claim which is active under Plaintiff's Amended Complaint, i.e., Plaintiff's claim concerning an alleged indifference to her safety by the four named Defendants in this action.  Plaintiff makes the conclusory assertion in her amended pleading that the allegations demonstrate retaliation against her for using the grievance process and pursuing this lawsuit.  Conclusory assertions, however, are insufficient to supply a basis to allow these allegations to supplement the Amended Complaint, and Plaintiff has supplied no well-pled facts or facts from which it can be inferred under which to relate these allegations to the Plaintiff's existing claim, or which are narrow in scope and made against only specific individuals.  No matter how liberally the Court may construe them, these new allegations have absolutely no direct relation and little to no indirect relation to the claim which remains in this lawsuit pursuant to the directive of the Tenth Circuit.

Additionally, Plaintiff provides no information regarding exhaustion of the allegations or claims she seeks to make in her most recent attempt at amending her pleadings.  To add more defendants to her existing claim or to add new claims to his Amended Complaint, Plaintiff must have met the PLRA's exhaustion requirements at the time of filing and cannot cure a failure to exhaust by pursuing administrative remedies while this action was pending.  *See* 41 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Fitzgeral v. Corrections Corp. of America*, 403 F.3d 1134, 1140-41 (10th Cir. 2005); *Neal v. Goord*, 267 F.3d 116, 121-23 (2nd Cir. 2001), overruled on other grounds by *Porter v. Nussle*, 534 U.S. 516 (2002); *see, also, Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir. 2002); *Johnson v. Jones*, 340 F.3d 624 (8th Cir. 2003) (inmate must exhaust administrative remedies before filing suit in federal court).  Exhaustion is a pleading requirement, rather than an affirmative defense.  *See  Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To allow the Plaintiff to include claims which have not been properly grieved through the administrative process circumvents the requirement of exhaustion of administrative remedies prior to involvement by the court, prejudices the defendants by raising issues outside of the scope of this lawsuit, and detracts the court from the efficient administration of this case.

Finally, Plaintiff has provided no basis for a finding that complete relief cannot be accorded among those Defendants already named in this action under the claim which remains active.  Plaintiff fails to provide any well-pled factual link to connect any of the allegations contained in the amended pleading recently filed with the Court and the claim which remains in this action following appeal. The factual allegations of the claim allowed to stand by the appellate court are directed at very specific Defendants for very specific activities, and Plaintiff is inappropriately seeking to expand this lawsuit to allegations against other people and unrelated events through the supplements and amendments she has submitted herein.

The record of pleadings in this case demonstrates that Plaintiff is not entitled to further amend or supplement her pleadings on remand in this Court, see Fed.R.Civ.P. 15(a), and leave of Court cannot be granted based upon the Second Amended Complaint as it stands.  Accordingly, it is within the court's discretion to strike the Second Amended Complaint which was tendered to the Court on September 12, 2006, and declare that this matter proceeds on the one claim as directed by the Tenth Circuit, i.e, that Defendants Zavaras, Williams, Maiden and Novak were deliberately indifferent to Plaintiff's safety in regards to former Defendant Smith's alleged sexual assaults.

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that the Motion to Strike Amended Complaint from Defendants Zavaras, Williams, Novak, and Maiden [Filed September 14, 2006; Docket #516] be **granted**.  It is further **recommended** that the scope of this case be declared to be limited to the single claim against the four remaining Defendants as remanded by the Tenth Circuit.

Dated at Denver, Colorado, this 2nd day of November, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge