IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-cv-02031-LTB-MEH

JILL COIT,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
MIKE WILLIAMS,
WAYNE MAIDEN, and
JUANITA NOVAK,

    Defendants.

## ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S LIST OF EXPERT WITNESSES

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Defendants' motion requesting that Plaintiff's list of expert witnesses in this case be stricken. The matter is fully briefed, and oral argument would not assist the Court in its resolution. As set forth below, the Defendants' motion will be granted.

On or about October 16, 2006, the Plaintiff submitted to the Defendants a listing of 51 persons that she will allegedly call as expert witnesses in this case. None of the information required by Fed.R.Civ.P. 26(a)(2)(B) is included in the expert disclosures, nor has the Court relieved the parties of their responsibilities in this regard under the Federal Rules. Additionally, a review of the general descriptions of the witnesses' fields of proposed testimony reveals that a majority of these witnesses are submitted in conjunction with claims that have been dismissed by this Court, and for which the dismissal was affirmed by the Court of Appeals for the Tenth Circuit. The federal appellate court was unwavering and clear in its mandate in this case:

> Consequently, we REVERSE the dismissal of Ms. Coit's claim that defendants Novak, Williams, Maiden and Zavaras were deliberately indifferent to her safety in

> regards to Smith's sexual assaults, and remand to the district court for further proceedings <u>on this claim</u>. We AFFIRM the remainder of the district court's judgment and orders of May 28, 2003, and December 13, 2004, for substantially the reasons set forth in those orders.

*Coit v. Zavaras*, 2006 WL 895309, *3 (10th Cir. 2006) (emphasis added).

The Plaintiff's Second Amended Complaint has been ordered stricken by the presiding District Judge. *See* ORDER, Docket #565. Therefore, the sole and remaining claim in this case is that which was returned to this Court by the Tenth Circuit, *i.e.*, a claim that the Defendants were deliberately indifferent to the Plaintiff's safety in regards to former Defendant Smith's sexual assaults. In so far as any of the experts listed may pertain to the sole remaining claim in this case, however, the Plaintiff fails to demonstrate that she has contacted any of these experts or obtained retainer agreements from them to testify on her behalf, and gives no indication of any time frame under which this may be accomplished. The Defendants have designated no expert witnesses, so there is also no indication that these experts would be necessary for purposes of rebuttal or impeachment. If Plaintiff is, in reality, attempting to list these individuals as non-expert witnesses she intends to call at trial, as the Defendants have surmised, then they are correct in that the issue is more properly dealt with in the pretrial order.

Accordingly, as set forth above, and based upon the record herein, it is hereby **ORDERED** that the Defendants' Motion to Strike Plaintiff's List of Expert Witnesses [<u>Filed October 26, 2006; Docket #534</u>] is **granted.**

Dated at Denver, Colorado, this 29th day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge